Arturo Gaitan
302 N. Pacific Street
San marcos, California 92069

Self Represented Defendant

FILED

2013 JUL 19 PM 12: 14

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Arturo Gaitan<br><br>      Plaintiff,<br><br>vs.<br><br>Nationstar Mortgage, Nationstar<br>Mortgage, LLC,and DOES 1-100,<br><br><br>      Defendants. | Case No.: '13 CV 1689 JLS WMc<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT AND VIOLATIONS OF THE ROSENTHAL ACT**<br><br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Plaintiff Arturo Gaitan, brings this action to challenge the act of Nationstar Mortgage, and Nationstar Mortgage, LLC (hereinafter "NM, and NM,LLC") regarding attempts by NM, and NM,LLC to unlawfully and abusively collect a debt allegedly owed by Plantiff, and this conduct caused Plantiff damages.

2. Plaintiff makes these allegations on information and belief, with the

exception of those allegations that pertain to plaintiff, which Plaintiff alleges on personal knowledge.

3.   While many violations are described below with specificity, this Complaint alleges violations of the statues cited in their entirety.

4.   Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and  28 U.S.C. § 1367 for supplemental State claims.

6.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § §1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

7.   As NM, and NM,LLC does business in the State of California, and Committed the acts that form the basis for this suit with the intent to cause effects in the State of California, this court has personal jurisdiction over NM, and NM,LLC for purposes of this action.

8.   Venue is proper as NM, and NM,LLC does business in the County of San Diego, the acts at issue took place in the County of San Diego.

## PARTIES

9.   Plaintiff is a natural person, an adult and resides in San Diego, California.

10. Plaintiff is informed and believes and thereon alleges that Defendant NM, and NM,LLC is a Delaware limited liability company, based in Texas and doing business in the State of California.

Complaint

11. Defendant NM, and NM,LLC is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

12. Defendant NM, and NM,LLC in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Code § 1788.2(c).

13. Defendant NM, and NM,LLC claims that Plaintiff is obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. This case involves money, property or their equivalent, due or owing or or alleged to be due or owing from a natural person by reason of a "consumer credit" as those terms are defined by Cal.Civ.Code § 1788.2(f).

## FACTS COMMON TO ALL CAUSES OF ACTION.

16. In November, 2011 NM, and NM,LLC collected alleged fees due or owing in an ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT. Exhibit A.

17. In the above ANNUAL ESCROW ACCOUNT, later served on Arturo Gaitan, NM, and NM,LLC entered a credit agreement, with Arturo Gaitan, that NM, and NM,LLC furnished a loan or credit account issued by NM, and NM,LLC, and that NM, and NM,LLC was entitled to property address: 1624 Grandon Avenue San Marcos, CA 92078.

18. All of the above representations were false.

## ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA by NM, and NM,LLC)

19. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

20. Defendant NM, and NM,LLC violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a.  15 U.S.C. § 1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    b.  15 U.S.C. § 1692e(2) by misrepresenting the character, amount and legal status of a debt;

    c.  15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken or was not intended to be taken;

    d.  15 U.S.C. § 1692e (10) by use of a false representation or deceptive means to collect a debt;

    e.  15 U.S.C. § 1692f(1) by collection of an amount not expressly authorized by an agreement creating a debt, or by law.

21. Plaintiff is entitled to actual damages sustained as a result of Defendant's conduct in an amount according to proof; to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, all pursuant to 15 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF

### (Violations of the Rosenthal Act by NM, and NM, LLC)

22. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

23. Based on the information and belief, Defendant NM, and NM,LLC acts

and omissions violated California Civil Code § 1788 et seq, including, but not limited to the following sections: California Civil Code §§ 1788.17 and 1788.13.

24.   Based on information and belief, Defendant's violations of California Civil Code § 1788.17, which incorporates several of the provisions of the FDCPA, include but not limited to, the following: Defendant's violations include, but are not limited to the following:

a.   15 U.S.C. § 1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

b.   15 U.S.C. § 1692e(2) by misrepresenting the character, amount and legal status of a debt;

c.   15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken or was not intended to be taken;

d.   15 U.S.C. § 1692e (10) by use of a false representation or deceptive means to collect a debt;

e.   15 U.S.C. § 1692f(1) by collection of an amount not expressly authorized by an agreement creating a debt, or by law.

25.   Defendant also violated the Rosenthal Act at Civil Code § 1788.13 by making false representation that the debt alleged may be increased by the addition of attorney's fees, when in fact no such fees may legally be charged.

26.   Defendants' violations of the Rosenthal Act were willful and knowing, Thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

27.   As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a) statutory damages in an amount up to $1,000 each pursuant to California Civl Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.39(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant NM, and NM, LLC and pray for the following relief;

1.   An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against defendant NM, and NM, LLC and for the Plaintiff;

2.   An award of statutory damages of  $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant NM, and NM, LLC for the Plaintiff;

3.   An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant NM, and NM, LLC and for Plaintiff;

4.   An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant NM, and NM, LLC and for Plaintiff.

5.   An award of an additional $2,000 in statutory damages pursuant to California Civil Code  §§ 3345;

6.   An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c) against Defendant NM, and NM, LLC; and

7.   Such other and further relief this court may deem just and proper.

Respectfully submitted,

DATED:

Arturo Gaitan

Plaintiff